IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**JERRY JOHNSON**,

        Petitioner,

v.

**UNITED STATES OF AMERICA,**

        Respondent.

Civil No.:   1:16CV133
Criminal No.: 1:07cr104
(JUDGE KEELEY)

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On June 23, 2016, Jerry Johnson ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 1:16cv133, ECF No. 1; Criminal Action No. 1:07cr104, ECF No. 478).[1] The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

### II.   FACTS

On January 22, 2008, Petitioner pleaded guilty to aiding and abetting the distribution of cocaine base, also known as "crack," in violation of 21 U.S.C. §§

---

[1] From this point forward, all ECF Numbers refer to Petitioner's Criminal Action, 1:07cr104.

841(a)(1) and 841(b)(1)(C) and 18 U.S.C. §2. On March 30, 2009, in variance from the advisory guidelines, the District Court sentenced Petitioner to a term of five years' probation followed by five years of supervised release. Judgment, ECF No. 218. According to the Pre-Sentence Report ("PSR"), Petitioner was a career offender within meaning of U.S.S.G. § 4B1.1 of the guidelines for the following reasons (1) Petitioner was 18 years or older at the time of the commission of the instant offense; (2) the instant offense was a felony involving a controlled substance; and (3) Petitioner had at least two prior felony convictions of either a crime of violence or a controlled substance offense. PSR, ECF No. 217, at 8.

On November 12, 2009, while on probation, Petitioner was arrested by officers of the Morgantown Police Department and charged with attempted abduction, thereby violating a mandatory condition of his probation that he not commit another federal, state or local crime. Petitioner also failed to notify his probation officer within 72 hours that he was arrested by law enforcement, thereby violating another standard condition. Finally, Petitioner failed to report for drug testing on November 19, 2009, thereby violating a special condition of his probation. The United States then filed a Petition for Revocation of Petitioner's probation, and a final revocation hearing was held before the District Court on April 26, 2010. At that hearing, the District Court advised Defendant that although the worksheet indicated a sentence of 21 to 27 months of imprisonment, the Court could impose the original sentence as calculated under the guidelines, which was between 151 and 188 months of imprisonment. On April 27, 2010, a Judgment for Revocation of Probation was entered, and Petitioner was sentenced to 151 months of incarceration to be followed by three years of supervised release. ECF No.279.

The Petitioner filed a direct appeal of his conviction and sentence asserting that the sentence imposed was plainly unreasonable. On May 4, 2011, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished *per curiam* opinion. See United States v. Johnson, 427 Fed. Appx. 276, 2011 WL 1666695 (4th Cir. May 4, 2011). On October 31, 2011, the United States Supreme Court denied certiorari. See Johnson v. United States, 132 S.Ct. 530 (2011).

On March 15, 2012, Petitioner filed his first Motion to Vacate Under 28 U.S.C. § 2255. ECF No. 365. In that motion, Petitioner raised the following grounds for relief:

(1) His state attorney was ineffective in advising Petitioner to enter two guilty pleas in 2003;

(2) His federal attorney was ineffective for failing to investigate his criminal history and thereby caused Petitioner to be sentenced as a career offender; and

(3) Actual innocence of the qualifying offenses that form the basis for the application of the career offender guidelines.

On September 25, 2012, United States Magistrate Judge James E. Seibert entered a Report and Recommendation that the § 2255 Motion be denied and dismissed with prejudice. ECF No. 412. On June 11, 2013, the District Court adopted the Report and Recommendation and denied Petitioner's § 2255 Motion. ECF No. 428. On October 25, 2011, the Fourth Circuit Court of Appeals denied Petitioner a certificate of appealability and dismissed the appeal. ECF No. 443.

On June 2, 2014, Petitioner filed a second Motion to Vacate Under 28 U.S.C. § 2255. In it, he argued that he was actually innocent of the career offender classification

3

in light of the Supreme Court's decision in Descamps v. United States, 133 S.Ct. 2276 (2013). On July 24, 2015, Magistrate Judge John S. Kaull entered a Report and Recommendation that the Motion be Denied and Dismissed with Prejudice as an authorized second or successive motion. ECF No. 451. On May 12, 2015, the District Court adopted the Report and Recommendation and denied Petitioner's § 2255 motion and dismissed it with prejudice. ECF No. 462. On August 25, 2015, the Fourth Circuit Court of Appeals denied Petitioner a certificate of appealability and dismissed the appeal. ECF No. 470.

On June 23, 2016, the Fourth Circuit Court of Appeals authorized Petitioner to filed a second or successive § 2255 Motion. ECF No. 477. In this § 2255 Motion, Petitioner alleges that pursuant to the decision in Johnson v. United States[2], his career offender status is no longer valid under the residual clause. According to the PSR, the previous felony convictions that qualified Petitioner as a career offender were Possession of Cocaine With Intent to Sell and Robbery. PSR, ECF No. 217 at 8, ¶ 37. The Petitioner apparently alleges that his conviction for Robbery in the state of Florida is not a violent crime under the residual clause of U.S.S.G §4B1.2(a)(2).  For relief, Petitioner asks the Court to set aside his involuntary plea as null and void, vacate his sentence, and discharge him from custody to correct a fundamental miscarriage of justice.  ECF No. 478 at 16.

### III.    ANALYSIS

In Johnson, the Supreme Court struck the residual clause of the Armed Career Criminal Act ("ACCA") for being unconstitutionally vague in violation of the Due Process

---

[2] Johnson v. United States, 135 S.Ct. 2551 (2015).

Clause of the Fifth Amendment. Johnson v. United States, 135 S.Ct. 2551, 2555-57 (2015). The only portion of the ACCA that was invalidated was the residual clause defining "violent felony" as any crime punishable by more than one year in prison that "or otherwise involves conduct that presents a serious potential risk of physical injury to another;…." 18 U.S.C. § 924(e)(2)(B)(ii). Specifically, this means that the provision of the ACCA defining "serious drug offense" under 18 U.S.C. § 924(e)(2)(A) remains in full force and effect. Additionally, the provision of the ACCA defining "violent felony" as any crime punishable by more than one year in prison that 18 U.S.C. § 924(e)(2)(B): "(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves explosive,…." remains in full force and effect as well. Therefore, it is only a very narrow portion of the definition of "violent felony" that has been held unconstitutional.

Since Johnson was decided, many prisoners who were given enhanced sentences under § 4B1.1 of the United States Sentencing Guidelines ("USSG") as career offenders have challenged their sentences by arguing that the residual clause of the career enhancement 4B1.2(a)(2) is unconstitutionally vague.[1] The residual clause of USSG § 4B1.2(a)(2) is identical to the residual clause in the ACCA that Johnson ruled unconstitutional. Like the ACCA, only a narrow portion of § 4B1.2(a)(2) defining

---

[1] The Fourth Circuit recently issued a decision which addressed the term "crime of violence" in §4B1.2. See In re Hubbard, ___ F.3d ___, 2016 WL 3181417 (4th Cir. June 8, 2016). Although the Court did not find that the career offender residual clause unconstitutional per se, it did grant the petitioner leave to file a successive § 2255 motion. Moreover, the United States Supreme Court recently granted a writ of certiorari in Beckles v. United States, ___ S.Ct. ___, 2016 WL 1029080 (June 27, 2016). Among the issues presented in the case is whether Johnson applies retroactively to collateral cases challenging federal sentences under the residual clause in USSG § 4B1.2(a)(2) (defining "crime of violence").

"crime of violence" would be applicable if the U.S. Supreme Courts holds that the residual clause of USSG § 4B1.2(a)(2) is unconstitutional as well.

Petitioner was sentenced as a career offender under U.S.S.G. § 4B1.1. At the time, the relevant provision read:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. In turn, this provision relied on §4B1.2 for definitions of key terms. At that time, the following definitions were provided:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

    (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or

    (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

(b) The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

(c) The term 'two prior felony conviction' means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or controlled substance offense (i.e., two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of §4A1.1(a), (b), or (c). The date that a defendant sustained a conviction

> shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.

U.S.S.G. § 4B1.2 (emphasis added).

Accordingly, the residual clause of §4B1.2(a)(2), contained the same language as the ACCA which was struck down as unconstitutional in Johnson. Moreover, the Court acknowledges that some defendants sentenced as a career offender under the residual clause of §4B1.2(a)(2) may be entitled to relief if the holding in Johnson is extended to career offenders.[2] However, the instant case does not require such analysis. Although Petitioner's conviction for robbery may well fall within the residual clause, his PSR reveals that he has at least two convictions involving a controlled substance as defined by U,.S.S.G. § 4B1.2(b). On June 30, 2000, following a plea of guilty in the 17th Judicial Circuit Court, Ft. Lauderdale, Florida to Cocaine Trafficking, Petitioner was sentenced to four (4) years, six (6) months imprisonment. On August 23 2004, following a plea of guilty in the 15th Judicial Circuit, Delray Beach Florida to Possession of Cocaine With Intent to Sell, Petitioner was sentenced to 24 months incarceration.[3] On August 23, 2004, following a plea of guilty in the 15th Judicial Circuit, Delray Beach, Florida to Possession of Cocaine with Intent to Sell, Tampering With Physical Evidence, Petitioner was sentenced to 24 months incarceration.[4]

Accordingly, Petitioner's status as a career offender does not hinge on his robbery conviction and a possible reliance on the residual clause. Rather, Petitioner is a career offender despite the robbery conviction because of his three convictions for a

---

[2] The U.S. Supreme Court has not made a decision as to whether the residual clause of U.S.S.G. § 4B1.2 is unconstitutional. See cases cited in footnote above.
[3] The actual offense occurred on March 28, 2003. ECF No. 217 at 15.
[4] The actual offense occurred May 10, 2003. ECF No. 217 at 16.

7

controlled substance offense which each meet the definition of U.S.S.G. §4B1.2(b). Therefore, his argument that Johnson renders his sentence void lacks merit.

### IV.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 1:16cv133, ECF No. 1; Criminal Action No. 1:07cr104, ECF No. 478] be **DENIED** and **DISMISSED.** The undersigned further recommends that Petitioner's Motion for Extension of Time to Make Amendments [Civil Action No. 1:16cv133, ECF No. 5; Criminal Action No. 1:07cr104, ECF No. 482] be **DENIED AS MOOT** because there is no argument that he can advance that will salvage his Johnson claim.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable IRENE M. KEELEY, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of

West Virginia.  The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 13, 2016

                                           */s Michael John Aloi*
                                           MICHAEL JOHN ALOI
                                           UNITED STATES MAGISTRATE JUDGE