IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JERRY JOHNSON,**

    Petitioner,

v.                             **CIVIL ACTION NO. 1:16CV133**
                                **CRIMINAL ACTION NO. 1:07CR104-05**
                                     **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    Respondent.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 6], DENYING MOTIONS TO AMEND AND SUPPLEMENT PETITION [DKT. NOS. 5; 8; 9], DENYING AND DISMISSING § 2255 PETITION WITH PREJUDICE [DKT. NO. 1], AND DENYING CERTIFICATE OF APPEALABILITY**

The petitioner, Jerry Johnson ("Johnson"), filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Petition"), arguing that he is actually innocent of the career offender enhancement that the Court applied pursuant to United States Sentencing Guideline § 4B1.1. Pending for review is the Report and Recommendation ("R&R") of the magistrate judge recommending that the Court deny and dismiss the Petition. For the reasons that follow, the Court **ADOPTS** the R&R (Dkt. No. 6).

## I. BACKGROUND

**A.**    **Prior Proceedings**[1]

On January 22, 2008, Johnson pleaded guilty to one count of aiding and abetting in the distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The Pre-Sentence Report ("PSR") determined that Johnson was eligible for the career offender

---

[1] Criminal Action No. 1:07cr104.

JOHNSON V. USA                                       1:16CV133 and 1:07cr104-05

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 6], DENYING MOTIONS TO AMEND AND SUPPLEMENT PETITION [DKT. NOS. 5; 8; 9], DENYING AND DISMISSING § 2255 PETITION WITH PREJUDICE [DKT. NO. 1], AND DENYING CERTIFICATE OF APPEALABILITY**

enhancement pursuant to U.S.S.G. § 4B1.1 because (1) he was 18 years or older at the time of the offense, (2) the offense was a felony involving a controlled substance, and (3) he had at least two prior felony convictions for a crime of violence or a controlled substance offense (Dkt. No. 217 at 8).[2] Although the PSR calculated a total guideline range of 151 to 188 months of imprisonment, at the sentencing hearing the Court varied down significantly and imposed a sentence of five years of probation (Dkt. No. 218 at 1-2).

After Johnson began his sentence of probation on March 27, 2009, he was arrested in Morgantown, West Virginia, on November 12, 2009, and charged with attempted abduction. Due to his new criminal conduct, the United States Probation Office sought to revoke Johnson's probation (Dkt. No. 237). The Court held a final revocation hearing on April 26, 2010, revoked Johnson's probation, and imposed a sentence at the low end of the original guideline range of 151

---

[2] Under the 2007 Sentencing Guidelines used in the PSR, a "crime of violence" included offenses that had "as an element the use, attempted use, or threatened use of physical force against another," certain enumerated offenses not applicable here, or crimes that "otherwise involve conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). A "controlled substance offense" included offenses "punishable by imprisonment for a term exceeding one year, that prohibit[] the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." Id. § 4B1.2(b).

JOHNSON V. USA                               1:16CV133 and 1:07cr104-05

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 6], DENYING MOTIONS TO AMEND AND SUPPLEMENT PETITION [DKT. NOS. 5; 8; 9], DENYING AND DISMISSING § 2255 PETITION WITH PREJUDICE [DKT. NO. 1], AND DENYING CERTIFICATE OF APPEALABILITY**

months of incarceration, followed by 3 years of supervised release (Dkt. No. 279).

Johnson appealed the revocation of his probation, arguing that his sentence of 151 months was "plainly unreasonable." However, the Court of Appeals for the Fourth Circuit affirmed his sentence, concluding that it was both "procedurally and substantively reasonable." United States v. Johnson, 427 F. App'x 276 (4th Cir. 2011) (unpublished decision). The Supreme Court later denied Johnson's petition for a writ of certiorari. Johnson v. United States, 132 S.Ct. 530 (2011).

On March 15, 2012, Johnson filed his first § 2255 motion in which he raised the following grounds for relief: (1) his Florida attorney was ineffective for advising him to plead guilty to two state charges in 2003; (2) his federal attorney was ineffective for failing to meaningfully investigate his criminal history, causing him to be sentenced as a career offender; and (3) he was actually innocent of the Florida controlled substance offenses that formed the basis of his career offender enhancement. Id. at 4-7. On June 11, 2013, the Honorable John P. Bailey, United States District Judge, denied the petition based primarily on the fact that in his plea agreement Johnson had waived his right to collateral review (Dkt. No.

JOHNSON V. USA                              1:16CV133 and 1:07cr104-05

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 6], DENYING MOTIONS TO AMEND AND SUPPLEMENT PETITION [DKT. NOS. 5; 8; 9], DENYING AND DISMISSING § 2255 PETITION WITH PREJUDICE [DKT. NO. 1], AND DENYING CERTIFICATE OF APPEALABILITY**

428). The Fourth Circuit denied a certificate of appealability on October 25, 2013 (Dkt. No. 443).

Johnson filed a second § 2255 motion on June 2, 2014 (Dkt. No. 446), arguing that he was actually innocent of the career offender enhancement in light of Descamps v. United States, 133 S.Ct. 2276 (2013). Noting that Johnson had failed to seek approval from the Fourth Circuit before filing a second or successive § 2255 petition, the Court concluded that it lacked jurisdiction over the case and dismissed the petition (Dkt. No. 462 at 7-8). The Fourth Circuit denied a certificate of appealability (Dkt. No. 470).

Thereafter, on May 18, 2016, Johnson moved to reopen his first § 2255 proceeding in an effort to challenge his career offender enhancement on the basis of Descamps and Johnson v. United States, 135 S.Ct. 2251 (2015) (Dkt. No. 474). The Court determined that the motion was "in substance a successive habeas petition" and thus denied Johnson's motion as a successive § 2255 petition. It also notified him that the statute of limitations would soon expire for bringing a claim pursuant to Johnson. Id. at 4.

**B.  § 2255 Petition**

On June 23, 2016, a panel of the Fourth Circuit authorized Johnson to file the instant second or successive § 2255 motion,

4

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 6], DENYING MOTIONS TO AMEND AND SUPPLEMENT PETITION [DKT. NOS. 5; 8; 9], DENYING AND DISMISSING § 2255 PETITION WITH PREJUDICE [DKT. NO. 1], AND DENYING CERTIFICATE OF APPEALABILITY**

challenging his eligibility for the career offender enhancement (Dkt. No. 477). Our circuit reasoned that "Johnson has made a prima facie showing that the new rule of constitutional law announced in Johnson v. United States, 135 S.Ct. 2551 (2015), and held to apply retroactively to cases on collateral review by Welch v. United States, 136 S.Ct. 1257 (2016), may apply to his case." Id. at 1.

Johnson's Petition raises two issues regarding his career offender enhancement: (1) whether Johnson's prior robbery conviction qualifies as a "crime of violence" after Johnson and Welch; and (2) whether Johnson's two prior convictions for possession of cocaine with intent to sell, in violation of Fla. Stat. § 893.13(1)(a)(2), qualify as controlled substance offenses after Welch and Descamps (Dkt. No. 1 at 4). Johnson seeks to have the Court set aside his plea, vacate his sentence, and discharge him from custody. Id. at 16.

C. **R&R and Objections**

In his R&R, the magistrate judge acknowledged that the Supreme Court's holding in Johnson may have implications for some prisoners sentenced as career offenders (Dkt. No. 6 at 7). He declined to reach the Johnson argument, however, instead reasoning that Johnson's career offender status has a sufficient basis in "at least two convictions involving a controlled substance." Id. He therefore

5

JOHNSON V. USA                                    1:16CV133 and 1:07cr104-05

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 6], DENYING MOTIONS TO AMEND AND SUPPLEMENT PETITION [DKT. NOS. 5; 8; 9], DENYING AND DISMISSING § 2255 PETITION WITH PREJUDICE [DKT. NO. 1], AND DENYING CERTIFICATE OF APPEALABILITY**

recommended that the Court deny and dismiss Johnson's Petition. Id. at 8.[3]

On July 25, 2016, Johnson filed timely objections to the R&R, providing more specific reasons as to why his robbery and drug convictions should not qualify as predicate offenses under the career offender guideline (Dkt. No. 7). Thereafter, he also filed a motion to amend his Petition to include an ineffective assistance of counsel claim (Dkt. No. 8), as well as a motion to supplement the Petition with additional authority (Dkt. No. 9).

## II. STANDARD OF REVIEW

### A. Magistrate Judge's R&R

When reviewing a magistrate judge's R&R made pursuant to 28 U.S.C. § 636, the Court must review de novo only the portions of the R&R to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04

---

[3] On July 8, 2016, Johnson moved for an extension of time to amend his Petition (Dkt. No. 5). The R&R recommended that this motion be denied as moot because no amendment can save the Johnson claim (Dkt. No. 6 at 8). Johnson subsequently presented the proposed amendments in his objections and motion to amend (Dkt. Nos. 7; 8), which the Court considers later in this Opinion.

JOHNSON V. USA                          1:16CV133 and 1:07cr104-05

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 6], DENYING MOTIONS TO AMEND AND SUPPLEMENT PETITION [DKT. NOS. 5; 8; 9], DENYING AND DISMISSING § 2255 PETITION WITH PREJUDICE [DKT. NO. 1], AND DENYING CERTIFICATE OF APPEALABILITY**

(N.D.W. Va. 2007) (citing <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." <u>See</u> <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005).

**B.   <u>Pro Se</u> Pleadings**

The Court must liberally construe <u>pro se</u> pleadings. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Loe v. Armistead</u>, 582 F.2d 1291, 1295 (4th Cir. 1978). A <u>pro se</u> petition is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which the petitioner could prevail. <u>Barnett v. Hargett</u>, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him, nor should it "conjure up questions never squarely presented." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. APPLICABLE LAW

Pursuant to 28 U.S.C. § 2255(a), a prisoner may move his sentencing court to vacate, set aside, or correct his sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence

7

**JOHNSON V. USA**               **1:16CV133 and 1:07cr104-05**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 6], DENYING MOTIONS TO AMEND AND SUPPLEMENT PETITION [DKT. NOS. 5; 8; 9], DENYING AND DISMISSING § 2255 PETITION WITH PREJUDICE [DKT. NO. 1], AND DENYING CERTIFICATE OF APPEALABILITY**

was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Second or successive motions such as Johnson's must be certified by a court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id. § 2255(h).

The court of appeals may only grant authorization to file a second or successive application if "the application makes a prima facie showing that" it satisfies the above standard. 28 U.S.C. § 2244(b)(3)(C). The Fourth Circuit screens applications to determine only whether they contain "<u>any</u> claim that satisfies the requirements" of § 2255(h). <u>United States v. Winestock</u>, 340 F.3d 200, 205 (4th Cir. 2003). Once a prisoner receives authorization, the district court must "examine each claim and dismiss those that are barred" by § 2255(h).[4] <u>Id.</u>

---

[4] Johnson argues that he should not be subject to this limitation because, in his first § 2255 proceeding, the Court failed to comply with <u>Castro v. United States</u>, 540 U.S. 375 (2003), which requires district courts to warn a petitioner before characterizing a filing as his first § 2255 motion (Dkt. No. 1 at 2-3). This argument is

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 6], DENYING MOTIONS TO AMEND AND SUPPLEMENT PETITION [DKT. NOS. 5; 8; 9], DENYING AND DISMISSING § 2255 PETITION WITH PREJUDICE [DKT. NO. 1], AND DENYING CERTIFICATE OF APPEALABILITY**

## IV. DISCUSSION

For the reasons that follow, Johnson's claim based on <u>Johnson v. United States</u> is no longer viable after the Supreme Court's decision in <u>Beckles v. United States</u>. Moreover, his remaining arguments concerning <u>Descamps v. United States</u> and ineffective assistance of counsel are barred by the limitations of § 2255(h).

**A.   Claim One: <u>Johnson v. United States</u>**

According to Johnson, after the Supreme Court's decisions in <u>Johnson</u> and <u>Welch</u>, his robbery conviction should no longer be considered a crime of violence under the career offender guideline (Dkt. Nos. 1 at 4; 7 at 3).[5] In <u>Johnson</u>, the Supreme Court considered

---

unavailing because Johnson filed his first § 2255 motion on the court-approved form for such motions. The Court did not recharacterize any filing as Johnson's first § 2255 motion (Crim. Action No. 1:07cr104, Dkt. No. 365).

[5] In support of this argument, Johnson also cites <u>United States v. Mikalajunas</u>, 186 F.3d 490 (4th Cir. 1999). He apparently intends to assert either that he has not procedurally defaulted his claims or that he has been subjected to a "miscarriage of justice" cognizable on collateral review (Dkt. No. 7 at 4, 7). See <u>Mikalajunas</u>, 186 F.3d at 492-96. The doctrine of procedural default generally prevents a petitioner from raising claims in habeas that he failed to raise on direct review. <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998). Here, procedural default is inapplicable because § 2255(h) only permits second and successive petitions on the basis of "<u>newly</u> discovered evidence" or a "<u>new</u> rule of constitutional law." 28 U.S.C. § 2255(h) (emphasis added); <u>accord</u> <u>Owens v. Jett</u>, 2011 WL 4860171 (D. Minn. Sept. 12, 2011) ("Procedural default never arises in successive § 2255 petitions because § 2255(h) only permits certification for

9

JOHNSON V. USA                                          1:16CV133 and 1:07cr104-05

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 6], DENYING MOTIONS TO AMEND AND SUPPLEMENT PETITION [DKT. NOS. 5; 8; 9], DENYING AND DISMISSING § 2255 PETITION WITH PREJUDICE [DKT. NO. 1], AND DENYING CERTIFICATE OF APPEALABILITY**

a vagueness challenge to the Armed Career Criminal Act ("ACCA"), which imposed enhanced penalties on certain offenders with three or more convictions for a "violent felony." 135 S.Ct. at 2555. The ACCA defined the term "violent felony" to include those that "involve[] conduct that presents a serious potential risk of physical injury to another." Id. (citing 18 U.S.C. § 924(e)(2)(B)). Reasoning that this "residual clause" involved too much uncertainty about "how to estimate the risk posed by a crime," and how much risk sufficed to qualify a felony as violent, the Supreme Court declared the clause unconstitutionally vague. Id. at 2557-59. Thereafter, in Welch v. United States, the Supreme Court held that Johnson "is a substantive decision that is retroactive in cases on collateral review," thus entitling petitioners to challenge their ACCA residual clause enhancements through second and successive petitions under § 2255(h). See Welch, 136 S.Ct. at 1261.

Notably, the language of the ACCA's invalidated residual clause can also be found in the residual clause of the career offender

---

'new evidence' and 'a new rule of constitutional law.'"). Moreover, because Johnson relies on new law, rather than new evidence, the stringent limitation of § 2255(h)(2), not the "miscarriage of justice" exception, governs the availability of relief in this case. See United States v. MacDonald, 641 F.3d 596, 610-15 (4th Cir. 2011) (noting that § 2255(h)(1) is the successor of the miscarriage of justice exception).

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 6], DENYING MOTIONS TO AMEND AND SUPPLEMENT PETITION [DKT. NOS. 5; 8; 9], DENYING AND DISMISSING § 2255 PETITION WITH PREJUDICE [DKT. NO. 1], AND DENYING CERTIFICATE OF APPEALABILITY**

provision of the 2007 Sentencing Guidelines used to calculate Johnson's sentence. Under U.S.S.G. § 4B1.2(a)(2), "crime[s] of violence" include offenses that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." Johnson argues that, because the ACCA residual clause was invalidated as unconstitutional in Johnson, his prior robbery conviction should not be considered a "crime of violence" under the identical Guideline residual clause (Dkt. Nos. 1 at 4; 7 at 3).

Consistent with Fourth Circuit precedent, see In re Hubbard, 825 F.3d 225 (2016), our court of appeals authorized Johnson to file a successive § 2255 petition on the basis of this argument (Dkt. No. 477). Indeed, at the time of authorization, Johnson had "made a prima facie showing" that Johnson "may apply to his case." Id. at 1. That argument has now been foreclosed by the Supreme Court's decision in Beckles v. United States, 137 S.Ct. 886.

In Beckles, which presented the same argument Johnson presents here, the Supreme Court held that the residual clause in § 4B1.2(a)(2) is not void for vagueness because "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." Id. at 890. Therefore, because Johnson cannot demonstrate that the new rule of constitutional law announced in

11

JOHNSON V. USA                              1:16CV133 and 1:07cr104-05

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 6], DENYING MOTIONS TO AMEND AND SUPPLEMENT PETITION [DKT. NOS. 5; 8; 9], DENYING AND DISMISSING § 2255 PETITION WITH PREJUDICE [DKT. NO. 1], AND DENYING CERTIFICATE OF APPEALABILITY**

Johnson is applicable to his case, he is not entitled to relief in this second and successive petition. See § 2255(h).

**B.   Claim Two: Descamps v. United States**

Johnson next argues that his Florida convictions for possession of cocaine with intent to sell, in violation of Fla. Stat. § 893.13, should not have been considered controlled substance offenses under the career offender guideline (Dkt. Nos. 1 at 4; 7 at 3, 7). More particularly, Johnson contends that the Florida statute is not divisible, and thus not subject to application of the modified categorical approach (Dkt. No. 7 at 3, 7). Because Johnson does not present any "newly discovered evidence," this claim must be founded in a "new rule of constitutional law, made retroactive to cases on collateral review." See 28 U.S.C. § 2255(h).

Johnson relies on the Supreme Court's decision in Descamps v. United States, which clarified when courts may apply the modified categorical approach to assess whether a prior conviction qualifies as a predicate offense under the ACCA (Dkt. Nos. 1 at 4; 7 at 3). Descamps, 133 S.Ct. at 2281-82. His reliance on Descamps is unavailing, however, as that decision did not announce a "new rule of constitutional law." As courts of appeals have widely recognized, the decision merely clarified the existing statutory interpretation of

JOHNSON V. USA                                     1:16CV133 and 1:07cr104-05

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 6], DENYING MOTIONS TO AMEND AND SUPPLEMENT PETITION [DKT. NOS. 5; 8; 9], DENYING AND DISMISSING § 2255 PETITION WITH PREJUDICE [DKT. NO. 1], AND DENYING CERTIFICATE OF APPEALABILITY**

the ACCA.[6] Therefore, Johnson's second claim is barred by the limitations of § 2255(h) because it is not based in any new evidence or new rule of constitutional law.[7]

C. **Motion to Amend: Ineffective Assistance of Counsel**

Finally, in his motion to amend, Johnson seeks to add a claim that he received ineffective assistance of counsel in connection with his sentencing (Dkt. No. 8). Pursuant to Fed. R. Civ. P. 15(a), leave to amend should "be freely given when justice so requires."

---

[6] As recognized by the Supreme Court and other circuits, "Descamps did not announce a new rule – its holding merely clarified existing precedent." Mays v. United States, 817 F.3d 728 (11th Cir. 2016) (citing Descamps, 133 S.Ct. at 2283, 2285; Ezell v. United States, 778 F.3d 762, 763 (9th Cir. 2015); United States v. Davis, 751 F.3d 769, 775 (6th Cir. 2014)); see also In re Jackson, 776 F.3d 292, 296 (5th Cir. 2015); United States v. Hawkins, 614 F. App'x 580, 582 n.2 (3d Cir. 2015) (unpublished decision). "Descamps did not announce a new rule of constitutional law – it merely clarified, as a purely statutory matter, when prior convictions qualify as violent felonies under the ACCA." United States v. Scott, 594 F. App'x 560, 561 (10th Cir. 2015) (unpublished decision). In his motion to supplement, Johnson further directs the Court to Mathis v. United States, 136 S.Ct. 2243 (2016) (Dkt. No. 9 at 2). Mathis also involved the categorical approach and is not a "new rule of constitutional law." See In re Hernandez, No. 17-11989-E, 2017 WL 2350092, at *2 (11th Cir. May 31, 2017); Holt v. United States, 843 F.3d 720, 722 (7th Cir. 2016).

[7] Johnson also cites Welch in support of this claim, perhaps for the proposition that Descamps should apply retroactively to his case (Dkt. No. 1 at 4). In light of the Court's conclusion that Descamps is not a "new rule of constitutional law," it need not reach this question.

13

JOHNSON V. USA                              1:16CV133 and 1:07cr104-05

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 6], DENYING MOTIONS TO AMEND AND SUPPLEMENT PETITION [DKT. NOS. 5; 8; 9], DENYING AND DISMISSING § 2255 PETITION WITH PREJUDICE [DKT. NO. 1], AND DENYING CERTIFICATE OF APPEALABILITY**

Nonetheless, the Court may deny a motion to amend if the proposed amendment would be futile. See Ward Elecs. Serv., Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Amendment would be futile in this case if Johnson's ineffective assistance of counsel claim is not subject to review under § 2255(h).

At Johnson's sentencing hearing, the Court warned him that it would likely impose a five-year term of incarceration if revocation of his probation became necessary (Crim. Action No. 1:07cr104, Dkt. No. 376 at 30). Nonetheless, when it revoked Johnson's probation in April 2010, the Court exercised its discretion to impose a 151-month term of incarceration - a sentence which the Fourth Circuit affirmed as reasonable (Crim. Action No. 1:07cr104, Dkt. No. 341). In his motion to amend, Johnson argues that his attorney failed to investigate his prior convictions, failed to adequately prepare for his probation revocation proceeding, and failed to advise him that, should he violate the terms of his probation, he would be subject to a sentence within the original guideline range (Dkt. No. 8 at 5, 7).

Johnson's proposed ineffective assistance claim is utterly bereft of any new evidence or new rule of constitutional law that would permit review in this proceeding. See § 2255(h). Instead, he

14

JOHNSON V. USA                              1:16CV133 and 1:07cr104-05

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 6], DENYING MOTIONS TO AMEND AND SUPPLEMENT PETITION [DKT. NOS. 5; 8; 9], DENYING AND DISMISSING § 2255 PETITION WITH PREJUDICE [DKT. NO. 1], AND DENYING CERTIFICATE OF APPEALABILITY**

relies on the Court's statements during his 2009 sentencing hearing and 2010 probation revocation hearing, as well as letters he wrote to his attorney in 2011 (Dkt. No. 8 at 2-5). All of these events took place before Johnson filed his first § 2255 motion in March 2012 (Crim. Action No. 1:07cr104, Dkt. No. 365).[8] Therefore, any proposed ineffective assistance of counsel claim would be barred by the limitations of § 2255(h), and therefore futile. See <u>Ward Elecs.</u>, 819 F.2d at 497.

## V. CONCLUSION

For the reasons discussed, none of Johnson's claims satisfy the stringent requirements of § 2255(h). Therefore, the Court:

1) **OVERRULES** Johnson's objections (Dkt. No. 7);

2) **DENIES** his motions to amend or supplement the Petition (Dkt. No. 5; 8; 9);

3) **ADOPTS** the R&R (Dkt. No. 6);

4) **DENIES** the Petition (Dkt. No. 1); and

5) **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

## CERTIFICATE OF APPEALABILITY

---

[8] Johnson challenged the assistance of counsel in his first § 2255 proceeding (Crim. Action No. 1:07cr104, Dkt. No. 365 at 5).

15

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 6], DENYING MOTIONS TO AMEND AND SUPPLEMENT PETITION [DKT. NOS. 5; 8; 9], DENYING AND DISMISSING § 2255 PETITION WITH PREJUDICE [DKT. NO. 1], AND DENYING CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such a case. If the court denies the certificate, "a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Johnson has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong, and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Johnson has failed to make the requisite showing, and **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail, return

**JOHNSON V. USA**                                        **1:16CV133 and 1:07cr104-05**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 6], DENYING MOTIONS TO AMEND AND SUPPLEMENT PETITION [DKT. NOS. 5; 8; 9], DENYING AND DISMISSING § 2255 PETITION WITH PREJUDICE [DKT. NO. 1], AND DENYING CERTIFICATE OF APPEALABILITY**

receipt requested, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED: June 9, 2017.

                                                        /s/ Irene M. Keeley  
                                                        IRENE M. KEELEY  
                                                        UNITED STATES DISTRICT JUDGE